THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* ROBUSTIANO FLORES, Defendant and Appellant.

No. 9859. Argued March 11, 1943.—Decided March 29, 1943.

632

Antonio L. López for appellant. R. A. Gómez, Prosecuting Attorney (Fiscal), and Luis Negrón Fernández, Assistant Prosecuting Attorney, for appellee.

Mr. Justice De Jesús delivered the opinion of the court.

The only errors assigned by appellant in support of this appeal are that the complaint does not state facts sufficient to constitute a crime and that the court erred in weighing the evidence.

■■ The legal provision for the violation of which the accused was convicted is §288 of the Penal Code, which in its pertinent part reads as follows:

"Every person who keeps any disorderly house . . . or who keeps any inn in a disorderly manner . . . is guilty of a misdemeanor."

And the complaint in its pertinent part states:

"The said accused Robustiano Flores, illegally, voluntarily, and maliciously, then and there, knowingly, in Padial Street, Caguas, Puerto Rico, operates a business (house), a café-restaurant under the name 'Bar Corona' of his property, where habitually the peace and tranquility of the immediate neighborhood is disturbed; where late at night 'juke boxes' are loudly played and where disorders take place constantly."

It is well to notice that the English version of the section above transcribed uses the word "inn," which in the Spanish has been translated as "mesón." The accused argues that the word "mesón" does not mean "café-restau-

rant'' which, according to the complaint, is the establishment owned by the appellant.

The word "inn," according to Webster's dictionary, comprises "a public house for lodging and entertaining travelers or wayferes; hotel; hostelry'. The word "mesón," as defined by the *Diccionario de la Academia Española* (6th ed., 1939), is a "public house where lodging is provided for travelers, horses, and carriages for compensation." The word "restaurant," according to the same dictionary, is an "establishment where food is served."

The clear purpose of the Legislature was to prevent the disorders to which said legal provision refers from occurring in public places where persons gather for the purpose of obtaining lodging or meals. If we keep in mind the provision contained in §3 of the Penal Code to the effect that the sections of said Code are to be interpreted according to the fair construction of their terms, with a view to effecting its object and to promote justice, it will be easily understood that the word "restaurant" a public place where meals may be obtained, is included within the wider concept of "inn," where lodging and meals, or either of these separately, may be obtained. And that being the only reason stated by appellant, in support of his allegation that the complaint does not state facts sufficient to constitute the crime charged, and as in reality it does state such facts, it must be concluded that the first error assigned does not exist.

■ As to the second error, the evidence was conflicting. According to that for the prosecution, intoxicating beverages were sold and dancing took place to the music of a "juke box" played loudly in the establishment in question; the establishment remained open day and night and disorders and breaches of the peace, consisting of discussions and arguments during the course of which obscene words were loudly pronounced, which were heard by the neighbors, among these women and children, took place.

634

The evidence for the defense tended to show that although on one or two ocassions the police had to apprehend intoxicated men and women and file complaints, nevertheless, disorders and breaches of the peace never took place, nor was the "juke box" played loudly, etc. The evidence being conflicting and the court having decided the conflict against appellant, and there being no showing that in so doing it was moved by passion, prejudice, or partiality, or that it committed manifest error in weighing the evidence, we are not justified in altering the conclusion reached by the trial court.

For the reasons stated the judgment appealed from should be affirmed.